IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-00625-RPM

STEVE J. COLDIRON,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

ORDER AFFIRMING DECISION
_____

In this judicial review under 42 U.S.C. § 405(g), Steve J. Coldiron claims that the decision denying his applications for Supplemental Security Income payments and Disability Insurance Benefits should be reversed because the decision of the Administrative Law Judge (ALJ), dated October 19, 2007, affirmed by the Appeals Council, is not supported by the medical evidence and the vocational expert's testimony was based on an incorrect interpretation of the Dictionary of Occupational Titles. After consideration of the briefing and the extensive administrative record, these claims are rejected and the denial decision is affirmed.

The ALJ determined that despite the severe impairments of a closed head injury and right arm weakness, Mr. Coldiron has the residual functional capacity to perform the jobs of construction flagger, information clerk, and usher and is therefore not disabled at Step 5 of the sequential evaluation process. (R. 10-21). There is an extensive medical record in this case because Mr. Coldiron has had many hospitalizations because of

injuries occurring during intoxication.  On November 10, 2006, he underwent surgery to treat a subdural hematoma, as a result of a head injury sustained while intoxicated.  Following that surgery, the claimant was evaluated by a psychologist, Michael Nunley, Ph.D., in a rehabilitation patient care unit on November 17, 2006.  That evaluation, at R. 481-486, concluded that the patient was an "at risk" individual who needed a guardianship procedure because of aphasia, a cognitive disorder, and chronic alcohol abuse.  As a result, Mr. Coldiron was admitted to an inpatient brain rehabilitation program where he lived in a highly structured and controlled environment from December 27, 2006, to June 2, 2007.  He was discharged because of non payment of his invoice and then lived on the street.  In December, 2006, an MRI of Mr. Coldiron's right shoulder disclosed a rotator cuff tear and he has had a fracture of the right clavical.

In April, 2007, a consultative evaluation of the plaintiff was performed by R. Terry Jones, M.D., who concluded that Mr. Coldiron was capable of being employed in a traditional type of setting if he remains free of alcohol and continues taking Dilantin to prevent seizures.  (R. 676-681).

The plaintiff contends that the ALJ failed to give adequate consideration to Dr. Nunley's evaluation and did not explain the reason for rejecting his conclusions in favor of that of Dr. Jones.  The argument is not persuasive.  While the ALJ did not specifically discuss Dr. Nunley's report, it is apparent that Dr. Nunley was reviewing this patient to determine rehabilitative care rather than a long-term disability.  That is in contrast with Dr. Jones who did examine the patient for the long-term effects of his head injury and conducted adequate testing to reach the conclusion which the ALJ found persuasive.

The physical limitations resulting from the damage to the right shoulder were

evaluated by Dr. Stephen Morrison, D.O., on April 5, 2007. In his report, Dr. Morrison found that the claimant had manipulative limitations to reaching, handling, feeling, grasping and fingering which he should not perform frequently or occasionally because of a decreased range of motion of the right upper extremity and weakness. (R. 674). The ALJ rejected that much of Dr. Morrison's evaluation, explaining that it was not consistent with the findings made in the other pages of his report. The ALJ also rejected testimony of the claimant at the hearing as to the claimed limitations from the right shoulder injury. The ALJ's decision in that regard is not arbitrary and is within his fact finding discretion.

In his applications, the claimant alleged disability since November, 2006, based on seizure disorder, speech problems, decision making problems, deafness right ear, headaches and broken right clavical. The ALJ considered these claimed limitations and addressed them in his opinion.

The plaintiff now asserts that he suffers from pancreatitis and cervical degenerative disc disease which were not considered by the ALJ. That is understandable because those claims were never made and the claimant was represented by an attorney at the hearing before the ALJ and had an adequate opportunity to address those claims.

The challenge to the testimony of the vocational expert is based on the failure of the ALJ to include in his hypothetical questions the limitations found in the reports of Dr. Nunley and Dr. Morrison. Because the ALJ rejected those limitations, he was not required to include them in the hypothetical questions.

The plaintiff has failed to show that the denial decision was not supported by

substantial evidence in the record or that there was legal error in the process.  It is

ORDERED that the Commissioner's decision is affirmed.

DATED:   December 10th, 2009

                BY THE COURT:

                Richard P. Matsch

                _____
                Richard P. Matsch, Senior Judge